|  | |
|---|---|
| | Honorable Christopher M. Alston |
| | Hearing date: December 13, 2019 |
| | Hearing time: 10:30 a.m. |
| | Response date: December 6, 2019 |
| | Chapter 7 |
| | Location: Seattle |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | No. 14-10013 |
| NIKOLAY and OLGA KOZOREZOV, | DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT |
| Debtors. | |

Edmund J. Wood declares and states as follows:

1. I am the Trustee in this matter and have testimonial knowledge of the facts set forth in this declaration.

2. The debtors filed the present Chapter 7 Bankruptcy Petition on January 2, 2014 and I was appointed as the Chapter 7 Trustee. The debtors listed their ownership interest in the real properties located at 32905 7th Ct SW, Federal Way, WA and 306 176th Pl SW, Bothell, WA (Docket No. 1, page 18). Regarding the Federal Way property, the debtors' bankruptcy schedules indicated that both Deeds of Trust secured by the property were in dispute and that they would be commencing an adversary proceeding against both lenders (see Docket No. 1, pages 18 and 28-29). Additionally, I questioned, and subsequently investigated, the lender's actions following relief from stay when it was discovered that the Deed of Trust appeared to have been released. Accordingly, I investigated regarding the basis for the lender's commencement of a judicial foreclosure proceeding that was ultimately terminated.

3. Subsequently, it was discovered that the debtors had, post-petition and without

**DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT - 1**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

authority of this Court or myself, transferred their 50% interest in the Bothell property to the co-owners, Mr. Kozorezov's parents, Aleksey and Aleksandra Kozorezov, for zero consideration on July 10, 2017. Subsequently, but the same day, Mr. Kozorezov's parents transferred a 50% interest in the property to the Mr. Kozorezov's sister and brother-in-law, Sergey and Galina Savchenko, again for zero consideration. I believed this transfer was avoidable pursuant to 11 U.S.C. § 549 and commenced an adversary proceeding (Adv. No. 19-01006) against Aleksey and Aleksandra Kozorezov, the recipients of the initial post-petition transfer, and Sergey and Galina Savchenko, the recipients of the second post-petition transfer, as I believed they had knowledge of the commencement of the case and/or did not pay "present fair equivalent value" in exchange for the transfer they received.

4. The Kozorezovs and Savchenkos jointly answered the complaint. The parties agreed to submit the matter to mediation, which was conducted by Armand J. Kornfeld on October 3, 2019. The mediation was successful, resulting in an offer to settle the estate's claims against all defendants, which I have accepted, subject to Court approval. Specifically, the defendants have agreed to pay the estate the sum of $50,000.00 within 90 days of Court approval of this settlement. Further, should the defendants fail to make such payment within such 90 day period, interest shall commence to accrue on said amount at the rate of 10% per annum until paid in full. If the defendants do not pay the amount due within 180 days of Court approval, the defendants agree I may sell the Bothell real property to recover the $50,000.00, plus accrued interest, reasonable attorney fees and costs, and any taxes incurred as a result of such sale. Upon receipt of payment of the settlement amount by defendants (prior to sale of the property by me), I agree to dismiss the adversary proceeding, with prejudice, and abandon the estate's interest in

**DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT - 2**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 14-10013-CMA    Doc 41    Filed 11/22/19    Ent. 11/22/19 14:03:20    Pg. 2 of 6

the Bothell real property. A copy of the proposed Settlement Agreement is attached hereto as Exhibit 1.

    5.    It is my opinion, in my best business judgement, the settlement is optimum for this case and should be approved by the Court.

    6.    The compromise/settlement is fair, reasonable and adequately based on the facts and circumstances. B.R. 9019(a) and 7023. The substantive terms of the settlement compare favorably with the likely rewards of litigation. The process by which the settlement was reached was arm's length negotiation, and that all interests have been effectively represented.

    7.    Given the probability of success in the litigation, the risks inherent in all litigation, complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views, the settlement proposed should be approved. The proposed settlement is believed to be above the "lowest point in the range of reasonableness", and I submit that the settlement should be approved.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 22nd day of November, 2019 at Seattle, Washington.

By: /s/ Edmund J. Wood
Edmund J. Wood

C:\Shared\OneDrive - Kathryn A Ellis\Shared\KAE\Dox\Kozorezov\settle_dec.wpd

**DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT - 3**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 14-10013-CMA    Doc 41    Filed 11/22/19    Ent. 11/22/19 14:03:20    Pg. 3 of 6

# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement is made between Plaintiff Ed Wood, Chapter 7 Trustee and Defendants Galina and Sergey Savchenko, husband and wife (hereinafter "Savchenko") and Aleksey Kozorezov (hereinafter "Kozorezov"). This is a binding Settlement Agreement.

## RECITALS

A.  The Trustee Edmund J Wood, initiated an adversary proceeding against Savchenko and Kozorezov in the United States Bankruptcy Court for the Western District of Washington under cause No. 19-01006 CMA;

B.  Savchenko and Kozorezov dispute the allegations asserted by the Trustee;

C.  The parties engaged in mediation pursuant to Local Bankruptcy Rule 9045. Jay Kornfeld successfully assisted the parties to this Settlement Agreement to reach resolve; and

D.  In consideration of the terms set forth below, the parties intend to fully resolve and compromise all claims that have been or could have been asserted by the Trustee against Savchenko and Kozorezov, arising out of the facts set forth in the Plaintiff's complaint in this matter.

## AGREEMENT

1.  Consideration. In consideration of the mutual terms, conditions and covenants set forth below, each of the parties acknowledge and agree as follows:

2.  Payment. Savchenko and Kozorezov agree to pay to the Trustee the sum of Fifty Thousand Dollars ($50,000.00) within 90 days of the court approval of this agreement.

3.  If the payments in ¶2 above is not made within said 90 day period, then interest shall commence to accrue on said amount at 10% per annum, until paid in full.

4.  The Trustee understands that the property located at 306 176th Place SW, Bothell, WA, in which the estate has a claimed interest, may need to be pledged as collateral for the payment above referenced settlement amount, and the Trustee agrees to sign any and all necessary documents to accommodate such collateralization, provided that any release or compromise of the estate's interest will be contemporaneous with the closing and payment referred to above;

5.  If the Defendants are not able to complete or close a refinance or otherwise pay the settlement amount within 180 days, then the Defendants agree that the Trustee may sell the property under 11 USC 363(h) to recover the settlement payment of $50,000 plus accrued interest provided under ¶3 above, and any additional costs incurred in connection with such sale, including but not limited to reasonable attorneys fees and costs and any taxes incurred as a result of the sale.

6. Dismissal. The Trustee shall dismiss all claims asserted, with prejudice, against Savchenko and Kozorezov upon bankruptcy court approval of this Agreement and payment in full of the amount set forth in paragraph 2 above.

7. Relinquishment of Any Right Title and Interest in Property. The Trustee upon dismissal of the adversary proceeding will abandon any interest in the property located at 306 176th Place SW, Bothell, Washington;

8. Mutual Releases. This operates as a mutual release of liability as to any and all currently existing claims between the parties, including any claims by either Savchenko and/or Kozorezov against either the trustee or the bankruptcy estate for any claims of any nature.

9. Good Faith. The parties hereto agree to use best efforts to effectuate the terms of this Settlement Agreement. Galina and Sergey Savchenko shall make a good faith effort to confirm the financing contemplated in paragraph 3 above is available, and document the same to the Trustee. This agreement is contingent upon Savchenko confirming the availability of financing within two business days (by the end of business day on October 7, 2019) of the signing of this agreement. Savchenko will either notify the Trustee that financing is available and this transaction is final (subject to court approval) by Monday October 7th, 2019 or this agreement is null and void. Notice may be given electronically by email to kae@seanet.com.

Each of the undersigned represents and warrants that he has authority to execute this Settlement Agreement.

DATED this 7 day of October, 2019.

_____
Kathryn A. Ellis, Attorney for Trustee

_____
Galina Savchenko

_____
Sergey Savchenko

_____
Aleskey Kozorezov, by his attorney
Larry B Feinstein